JAMES D. BOYLE, ESQ.
Nevada Bar No. 08384
SANTORO, DRIGGS, WALCH,
KEARNEY, HOLLEY & THOMPSON
400 South Fourth Street, Third Floor
Las Vegas, Nevada 89101

Telephone:   702/791-0308
Facsimile:    702/791-1912

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| PINNACLE ENTERTAINMENT, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>LINKZ INTERNET SERVICES, a foreign entity,<br><br>Defendant. | CASE NO.:<br><br>**COMPLAINT** |

Plaintiff Pinnacle Entertainment, Inc. ("Pinnacle"), by and through its undersigned counsel, James D. Boyle, Esq. and the law firm of Santoro, Driggs, Walch, Kearney, Holley & Thompson, for its claims against Defendant Linkz Internet Services ("LIS"), hereby alleges as follows:

### I.    SUMMARY OF THE COMPLAINT

1.    This is an action for mark infringement and unfair competition under the Lanham Act (15 U.S.C. § 1125(a)) and violation of the Anti-Cybersquatting Consumer Protection Act (15 U.S.C. § 1125(d)), arising from, upon information and belief, LIS's unauthorized registration and use of the Internet domain name www.laubergedulachotel.com (the "Infringing Domain Name"), and unauthorized use of the mark L'AUBERGE DU LAC (the "Infringing Mark").

2.    As a result of, upon information and belief, LIS's willful and unauthorized registration and/or use of the Infringing Mark and the Infringing Domain Name, LIS has infringed, and continues to infringe, Pinnacle's mark L'AUBERGE DU LAC (the "Pinnacle

04220-45/205415

Mark"). Pinnacle therefore seeks: injunctive relief; the recovery of actual and treble damages; the recovery of LIS's profits derived from registration and use of the Infringing Domain Name and Infringing Mark; the recovery of Pinnacle's costs and attorney fees; and such other relief as more fully set forth herein.

## II.   THE PARTIES

3. Pinnacle is a Delaware corporation with a principal place of business at 3800 Howard Hughes Parkway, Las Vegas, Nevada.

4. Upon information and belief, LIS is a business entity with a principal place of business located in Grand Cayman, Cayman Islands. Upon further information and belief, LIS is the registrant for the Infringing Domain Name.

## III.   JURISDICTION AND VENUE

5. Jurisdiction in this Court is proper pursuant to 15 U.S.C. §§ 1116 and 1121 and 28 U.S.C. §§ 1331 and 1338, as this action arises under the Lanham Act, 15 U.S.C. § 1051 *et seq.*

6. Personal jurisdiction over LIS is proper as LIS has purposefully directed its activities to residents of the state of Nevada, which activities have resulted in the injuries to Pinnacle as alleged herein. LIS has engaged in intentional actions directed at residents of Nevada by and through LIS's active operation of the Infringing Domain Name, and active operation of the webpages accessible through the Infringing Domain Name (the "Infringing Webpages"), and the infringement of the Pinnacle Mark resultant therefrom, which forum-related actions LIS knew or should have known would cause harm to Pinnacle as alleged herein.

7. Personal jurisdiction over LIS is moreover proper and reasonable because LIS's intentional actions in infringing the Pinnacle Mark through LIS's active operation of the Infringing Domain Name and the Infringing Webpages have specifically targeted consumers in Nevada, including, but not limited to, through direct solicitations of such consumers to purchase goods and services through the Infringing Domain Name and the Infringing Webpages.

8. This Court has in-personam jurisdiction over LIS pursuant to Nev. Rev. Stat. 14.065.

///

04220-45/205415

9. LIS's activities as set forth herein have resulted in the injuries to Pinnacle as alleged herein.

10. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events giving rise to the claims at issue in this action occurred in this judicial district.

## IV. FACTS

11. Pinnacle is a diversified hotel, entertainment and gaming company that presently owns and operates hotels and casinos (the "Pinnacle Hotels and Casinos") in Nevada, Mississippi, Missouri, Louisiana, Indiana, New Jersey, Argentina and The Bahamas.

12. Among the Pinnacle Hotels and Casinos, Pinnacle owns and operates the L'Auberge du Lac Hotel & Casino which is located in Lake Charles, Louisiana. The L'Auberge du Lac Hotel and Casino began operations in or about May 26, 2007.

13. In association with its intent to construct and operate the L'Auberge du Lac Hotel and Casino, Pinnacle filed multiple mark applications with the United States Patent and Trademark Office (the "USPTO") for the Pinnacle Mark on or about July 28, 2003.

14. To date, Pinnacle has obtained Certificates of Registration for the Pinnacle Mark as follows:

    a: L'AUBERGE DU LAC (Class 25) (Registration No. 3104547);
    b: L'AUBERGE DU LAC (Class 35) (Registration No. 3011912);
    c: L'AUBERGE DU LAC (Class 44) (Registration No. 3204276).

Pinnacle's has dates of first use for these mark registrations of May 25, 2005 and May 27, 2005.

15. Moreover, Pinnacle presently has multiple trademarks and service mark applications for the Pinnacle Mark that remain pending before the USPTO, including without limitation:

    a: In International Class 16 for periodical publications;
    b: In International Class 21 for coffee cups;
    c: In International Class 25 for apparel;
    d: In International Class 28 for golf accessories;

04220-45/205415

  e:  In International Class 35 for retail services;

  f:  In International Class 39 internet reservation services;

  g:  In International Class 41 for casino and sports services; and

  h:  In International Class 43 for resort services.

16. In association with the L'Auberge du Lac Hotel & Casino and the offering of goods and services in association therewith (the "Pinnacle Goods and Services"), Pinnacle has and continues to market, promote and advertise the L'Auberge du Lac Hotel & Casino through use of the Pinnacle Mark. Pinnacle's efforts in this regard date from at least late May 2005.

17. Through Pinnacle's multi-state operations, significant corporate growth and considerable market and commercial successes, extensive marketing and advertising, and multiple channels of trade in which the Pinnacle Mark is and will continue to be utilized, the Pinnacle Mark has obtained famousness and/or the Pinnacle Mark has acquired distinctiveness.

18. Pinnacle has acquired substantial goodwill associated with the Pinnacle Mark, and the Pinnacle Mark has become the mark associated in the marketplace with the L'Auberge du Lac Hotel and Casino.

19. Pinnacle has the priority right to use the Pinnacle Mark in commerce for the Pinnacle Goods and Services and in association with the L'Auberge du Lac Hotel & Casino.

20. Upon information and belief, on or about June 1, 2005, LIS registered the Infringing Domain Name with the on-line domain name registrar Domain Name Sales Corporation ("DNS").

21. Upon information and belief, LIS has used and continues to use the Infringing Domain Name to promote the website and webpages accessible through the Infringing Domain Name, which contain multiple hyperlinks to goods and services offered by LIS in association with the Infringing Domain Name and the Infringing Webpages (the "LIS Goods and Services").

22. Upon information and belief, LIS has further used the Infringing Mark as text, buried code and metadata in association with LIS's wrongful registration of the Infringing Domain Name and operation of the Infringing Webpages.

///

04220-45/205415

23. LIS's first use date and first use in commerce date for the Infringing Mark occurred after Pinnacle commenced public use of the Pinnacle Mark.

24. Upon information and belief, LIS registered the Infringing Domain Name and commenced use of the Infringing Mark to capitalize on Pinnacle's goodwill, business reputation and marketing efforts and the use by Pinnacle of the Pinnacle Mark.

25. LIS is not affiliated with Pinnacle and is not authorized by Pinnacle to use the Infringing Mark in any manner, including, but not limited to, in association with the Infringing Domain Name or to promote the LIS Goods and Services.

26. LIS's unauthorized use of the Infringing Mark and unauthorized registration of the Infringing Domain Name is likely to deceive the public into believing that LIS is authorized by Pinnacle to use the Infringing Mark or the Infringing Domain Name, or that LIS maintains an affiliation with Pinnacle to use the Infringing Mark or the Infringing Domain Name, when in fact LIS is not authorized by Pinnacle or affiliated with Pinnacle for use of the Infringing Mark or the Infringing Domain Name.

27. Prior to using the Infringing Mark and registering the Infringing Domain Name, LIS had either actual or constructive notice of Pinnacle's prior use in commerce and legal rights in and to the Pinnacle Mark, including, but not limited to, in association with the Pinnacle Goods and Services and in connection with the L'Auberge du Lac Hotel & Casino.

28. LIS used and uses the Infringing Mark and the Infringing Domain Name to profit from Pinnacle's goodwill, business reputation and marketing efforts through, in part, Pinnacle's prior use of the Pinnacle Mark and the public's recognition of the distinctiveness associated with the Pinnacle Mark, the Pinnacle Goods and Services, and the L'Auberge du Lac Hotel & Casino.

29. LIS's past, present and future infringement and misappropriation of the Pinnacle Mark, including, but not limited to, through use of the Infringing Mark and the Infringing Domain Name, has permitted and will permit LIS to benefit and profit from Pinnacle's goodwill, business reputation and marketing efforts associated with the Pinnacle Mark, the Pinnacle Goods and Services, and the L'Auberge du Lac Hotel & Casino.

///

04220-45/205415

## V. CLAIMS FOR RELIEF

## FIRST CLAIM FOR RELIEF

### (Mark Infringement Under the Lanham Act (15 U.S.C. 1114(1)))

30. Pinnacle hereby incorporates each and every allegation set forth in Paragraphs 1 through 29 as if fully set forth herein.

31. LIS's uses of the Infringing Mark and the Infringing Domain Name in interstate commerce in connection with advertising or promoting the LIS Goods and Services, is likely to cause confusion, or to cause mistake, or to deceive, as to the affiliation, connection, or association of such goods or services of LIS with Pinnacle, or as to the origin, sponsorship, or approval of such goods, services or commercial activities of LIS by Pinnacle.

32. Further, LIS is using a reproduction or colorable imitation of the Pinnacle Mark in interstate commerce, and such use was and continues to be made in connection with the sale, offering for sale, distribution and/or advertising of goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, and/or to deceive reasonable consumers as to the origin, sponsorship, and/or approval by Pinnacle of the Infringing Mark and the goods or services provided thereunder.

33. The actions of LIS as alleged herein constitute mark infringement in violation of 15 U.S.C. § 1114(1).

34. As a result of the acts of LIS as alleged herein, Pinnacle has suffered and will continue to suffer damages to its business, goodwill, reputation and profits, while LIS profits at Pinnacle's expense.

35. The actions of LIS as alleged herein, and the ongoing direct results of those actions, have caused and will continue to cause great and irreparable harm to Pinnacle in an amount that cannot be ascertained, thereby leaving Pinnacle with no adequate remedy at law.

36. Unless LIS is preliminarily and permanently enjoined from infringing the Pinnacle Mark, Pinnacle will continue to suffer irreparable harm.

37. By reason of the foregoing lack of an adequate remedy at law, Pinnacle is entitled to preliminary and permanent injunctive relief against LIS pursuant to 15 U.S.C. § 1116.

38. Pinnacle is further entitled to recover statutory damages of not less than $500.00 or more than $100,000.00 per counterfeit mark per type of services sold, offered for sale or distributed, as the Court considers just, in association with LIS's violation of 15 U.S.C. § 1114(1), pursuant to 15 U.S.C. § 1117(c).

### SECOND CLAIM FOR RELIEF

**(Federal Mark Infringement and Unfair Competition (15 U.S.C. § 1125(a)))**

39. Pinnacle hereby incorporates by this reference each and every allegation set forth in Paragraphs 1 through 38 as if fully set forth herein.

40. LIS's uses of the Infringing Mark and the Infringing Domain Name in interstate commerce in connection with advertising or promoting the LIS Goods and Services, is likely to cause confusion, or to cause mistake, or to deceive, as to the affiliation, connection, or association of such goods or services of LIS with Pinnacle, or as to the origin, sponsorship, or approval of such goods, services or commercial activities of LIS by Pinnacle.

41. LIS's use of the Infringing Mark, the Infringing Domain Name and/or the Infringing Webpages constitutes mark infringement and unfair competition in violation of 15 U.S.C. § 1125(a).

42. As a result of the acts of LIS as alleged herein, Pinnacle has suffered and will continue to suffer damages to its business, goodwill, reputation and profits, while LIS profits at Pinnacle's expense.

43. The actions of LIS as alleged herein, and the ongoing direct results of those actions, have caused and will continue to cause great and irreparable harm to Pinnacle in an amount that cannot be ascertained, thereby leaving Pinnacle with no adequate remedy at law.

44. Unless LIS is preliminarily and permanently enjoined from infringing the Pinnacle Mark, and from engaging in unfair competition, Pinnacle will continue to suffer irreparable harm.

45. By reason of the foregoing lack of an adequate remedy at law, Pinnacle is entitled to preliminary and permanent injunctive relief against LIS pursuant to 15 U.S.C. § 1116.

///

04220-45/205415

46. Pinnacle is also entitled to recover LIS's profits derived from the use of the Infringing Mark, and any damages Pinnacle has suffered by reason thereof.

47. Pursuant to 15 U.S.C. §§ 1117(a) and 1117(b), Pinnacle is also entitled to an award of treble damages, attorneys' fees, and costs, as LIS's actions as alleged herein were willful, egregious and otherwise exceptional, in association with LIS's violations of 15 U.S.C. § 1125(a) with respect to the Pinnacle Mark.

### THIRD CLAIM FOR RELIEF

**(Violation of the Anti-Cybersquatting Consumer Protection Act (15 U.S.C. § 1125(d)))**

48. Pinnacle hereby incorporates by this reference each and every allegation set forth in Paragraphs 1 through 47 as if fully set forth herein.

49. LIS's actions as alleged herein were committed with a bad faith intent to profit from the Pinnacle Mark by registering, trafficking in or using the Infringing Mark by and through the Infringing Domain Name.

50. The Infringing Domain Name is confusingly similar to the Pinnacle Mark, and the Pinnacle Mark had acquired distinctiveness at the time LIS registered the Infringing Domain Name.

51. LIS's registration of and use of the Infringing Domain Name violates the Anti-Cybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d).

52. As a result of LIS's actions as alleged herein, Pinnacle has suffered and will continue to suffer damage to its business, goodwill, reputation and profits, while LIS profits at Pinnacle's expense.

53. LIS's actions as alleged herein, and the ongoing direct results of those actions, have caused and will continue to cause great and irreparable injury to Pinnacle in an amount that cannot be ascertained, leaving Pinnacle with no adequate remedy at law.

54. Unless LIS is preliminarily and permanently enjoined from LIS's violations of the Anti-Cybersquatting Consumer Protection Act, as alleged herein, Pinnacle will continue to suffer irreparable harm.

///

04220-45/205415

55. By reason of the foregoing, Pinnacle is entitled to preliminary and permanent injunctive relief against LIS pursuant to 15 U.S.C. § 1116.

56. Pursuant to 15 U.S.C. § 1117(d), Pinnacle is also entitled to recover its attorneys' fees, and statutory damages in the amount of not less than $1,000.00 and not more than $100,000.00, as the Court considers just, for each domain name registered, trafficked-in or used by LIS in violation of 15 U.S.C. § 1125(d).

## VI.   PRAYER FOR RELIEF

WHEREFORE, Pinnacle prays for entry of judgment and relief against LIS as follows:

1. That LIS, and any officers, directors, employees, agents, servants, attorneys, partners, affiliates and all persons or entities acting for, with, by, through or under LIS, shall be preliminarily and thereafter permanently enjoined and restrained from:

   a. directly or indirectly infringing the Pinnacle Mark by marketing, offering, selling, disposing of, licensing, leasing, transferring, displaying, advertising, reproducing, exhibiting, exploiting or causing the marketing, offering, selling, disposing, licensing, leasing, transferring, displaying, advertising, reproducing, exhibiting, exploiting, developing or manufacturing, or linking of, any goods or services derived from or bearing the Pinnacle Mark, or ordering, directing, participating or assisting in any such activities;

   b. using in any manner the Pinnacle Mark, or any term or terms likely to cause confusion therewith, including, without limitation, in connection with the Infringing Mark, the Infringing Domain Name and the Infringing Webpages, and any and all variants thereof in the possession or control of LIS, as a domain name, directory name, or other such computer address, as the name of a website, in buried code or metatags on any of LIS's websites, including, but not limited to, the Infringing Webpages, or in connection with the retrieval of data or information with respect to LIS's other goods or services, or in connection with the advertising or promotion

of LIS's goods, services or websites, or ordering, directing, participating or assisting in any such use, or linking to and from the Infringing Domain Name; and

    c. registering any domain name embodying in any manner and to any extent the Pinnacle Mark, including, without limitation, the Infringing Domain Name, or facilitating the sale or registration of any such domain names, or offering for sale or registration any such domain names, or ordering, directing, participating or assisting in any such use;

    2. That LIS be directed to preserve, retain and deliver to Pinnacle's counsel, in hard copies or electronic copies: (a) all evidence and documentation relating in any way to LIS's use of the Infringing Mark, in any form, including, without limitation, all evidence and documentation relating to LIS's websites, including, but not limited to, the Infringing Domain Name and the Infringing Webpages, or any other webpages or services where LIS has used such names or marks; (b) all such evidence and documentation relating to the names and addresses (electronic mail or otherwise) of any person with whom LIS has communicated regarding LIS's use of the Infringing Mark, in any form, including, but not limited to, the Infringing Domain Name and the Infringing Webpages, or any other webpages or services where LIS has used such names or marks; and (c) all financial evidence and documentation relating to LIS's websites, services or products, or advertising, which appear or are offered on or through LIS's websites, including, but not limited to, the Infringing Domain Name and the Infringing Webpages which are related in any way to LIS's uses of the Infringing Mark;

    3. That LIS be directed to file with this Court, and to serve upon Pinnacle's counsel, within thirty (30) days after entry against LIS of any injunctive relief set forth herein, a report in writing under oath setting forth in detail the manner and form in which LIS complied with said injunctive relief, pursuant to 15 U.S.C. § 1116(a);

    4. That LIS be enjoined from engaging in any of the unlawful and/or wrongful actions as alleged herein, including, without limitation, mark infringement, unfair competition and/or cybersquatting in violation of the Lanham Act, 15 U.S.C. § 1051 *et seq.*;

5. That LIS be ordered to provide an accounting of LIS's respective profits derived through any of the actions as alleged herein, including, without limitation, mark infringement and unfair competition in violation of the Lanham Act, 15 U.S.C. § 1051 *et seq.*;

6. That DNS, or any other registrar or registry relevant to the registration of the Infringing Domain Name, be directed to cease and desist public access to the Infringing Domain Name during the pendency of this action;

7. That DNS, or any other registrar or registry relevant to the registration of the Infringing Domain Name, cancel the Infringing Domain Name or transfer the Infringing Domain Name to Pinnacle;

8. That DNS, or any other registrar or registry relevant to the registration of the Infringing Domain Name, be directed to file with this Court, and serve upon Pinnacle's counsel, within thirty (30) days after entry of preliminary injunctive relief against LIS, a report in writing under oath setting forth in detail the manner and form in which DNS complied with said preliminary injunctive relief, pursuant to 15 U.S.C. § 1116(a);

9. That Pinnacle be awarded statutory damages of not less than $500.00 or more than $100,000.00 per counterfeit mark per type of services sold, offered for sale or distributed, as the Court considers just, in association with LIS's violation of 15 U.S.C. § 1114(1);

10. That Pinnacle recover LIS's profits derived from the use of the Infringing Mark, and any damages suffered by reason thereof, resultant from LIS's wrongful actions complained of herein;

11. That Pinnacle be awarded statutory damages in the amount of not less than $1,000.00 and not more than $100,000.00, as the Court considers just, for each domain name registered, trafficked-in or used by LIS in violation of 15 U.S.C. § 1125(d);

12. That Pinnacle be awarded three times LIS's profits and three times Pinnacle's damages suffered by reason of LIS's willful and wrongful actions as complained of herein, pursuant to 15 U.S.C. §§ 1117(a) and 1117(b);

13. That Pinnacle be awarded its reasonable attorneys' fees based on LIS's willful,

///

04220-45/205415

1  wrongful and exceptional actions as alleged herein pursuant to 15 U.S.C. §§ 1117(a) and
2  1117(b);

3      14.    That Pinnacle be awarded its costs of this action; and

4      15.    That Pinnacle be awarded such other and further relief as this Court deems just
5  and equitable.

6      DATED this ___19th___ day of October, 2007.

**SANTORO, DRIGGS, WALCH,
KEARNEY, HOLLEY & THOMPSON**

_____
JAMES D. BOYLE, ESQ.
Nevada Bar No. 08384
400 South Fourth Street, Third Floor
Las Vegas, Nevada 89101

*Attorneys for Plaintiff*

04220-45/205415

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

**DEFENDANTS**

(b) County of Residence of First Listed Plaintiff  Clark, Nevada
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
SANTORO, DRIGGS, WALCH, KEARNEY, HOLLEY & THOMPSON
400 S. Fourth Street, 3rd Floor
Las Vegas, NV. 89101
(702)791-0308

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUS |
|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employer's Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 - Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury | **PERSONAL INJURY**<br>☐ 362 Personal Injury - Med. Malpractice<br>☐ 365 Personal Injury - Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 610 Agriculture<br>☐ 620 Other Food & Drug<br>☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 630 Liquor Laws<br>☐ 640 R.R. & Truck<br>☐ 650 - Airline Regs.<br>☐ 660 - Occupational Safety/Health<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☒ 840 Trademark | ☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ Racketeer Influenced and Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Sat TV<br>☐ 810 Selective Service<br>☐ 850 Securities/Commodities/Exchange<br>☐ 875 Customer Challenge 12 USC 3410<br>☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts<br>☐ 892 Economic Stabilization Act<br>☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 895 Freedom of Information Act<br>☐ 900 Appeal of Fee Determination Under Equal Access to Justice<br>☐ 950 Constitutionality of State Statutes |
| **REAL PROPERTY**<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | **CIVIL RIGHTS**<br>☐ 441 - Voting<br>☐ 442 Employment<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 445 Amer. w/Disabilities - Employment<br>☐ 446 Amer. w/Disabilities - Other<br>☐ 440 Other Civil Rights | **PRISONER PETITIONS**<br>☐ 510 Motions to Vacate Sentence<br>**Habeas Corpus:**<br>☐ 530 General<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition | **LABOR**<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Railway Labor Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | **SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g))<br>**FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS-Third Party 26 USC 7609 | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Remove from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.C. 1051 et seq.

Brief description of cause:
Mark Infringement; Unfair Competition; Cybersquatting

## VII. REQUESTED IN COMPLAINT

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY

(See instructions): JUDGE _____  DOCKET NUMBER _____

DATE 10/19/2007

SIGNATURE OF ATTORNEY ON RECORD

**FOR OFFICE USE ONLY**

RECIEPT # ____  AMOUNT ____  APPLYING IFP ____  JUDGE ____  MAG. JUDGE ____

04220-47/Document in ProLaw

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATE DISTRICT COURT
## DISTRICT OF NEVADA

PINNACLE ENTERTAINMENT, INC., a Delaware corporation,

**SUMMONS IN A CIVIL ACTION**

v.

CASE NUMBER:

LINKZ INTERNET SERVICES, foreign entity,

**TO:** (Name and Address of Defendant)

Linkz Internet Services
30369 Seven Mile Beach
Grand Cayman, Cayman Islands B.W.I.
KY

**YOU ARE HERBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

James D. Boyle, Esq.
SANTORO, DRIGGS, WALCH, KEARNEY, HOLLEY & THOMPSON
400 South Fourth Street, 3rd Floor
Las Vegas, Nevada 89101

an answer to the complaint which is herewith served upon you, with this summons. within 20 days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

CLERK                                                    DATE

BY DEPUTY CLERK

04220-47/207799

AO 440 (Rev. 8/01) Summons in a Civil Action

## RETURN OF SERVICE

| | |
|---|---|
| Service of the Summons and Complaint was made by me[1] | DATE |
| NAME OF SERVER (PRINT) | TITLE |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served:

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

Name of person with whom the summons and complaint was left:

☐ Returned unexecuted:

☐ Other (specify):

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

## DECLARATION OF SERVER

I declare under penalty under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Excuted on _____          _____
                       Date                              Signature of Server

                                              _____
                                              Address of Server

_____

[1] As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

04220-47/207799